## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## NEWNAN DIVISION

| | |
|---|---|
| MICHAEL KOVACS AND SARAH KOVACS,<br><br>Individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br>v.<br><br>SERVICELINK LLC, and JOHN DOES (1-15) SERVICELINK SCHEDULING FIRMS,<br><br>     Defendants. | CIVIL ACTION FILE NO.  3:14-cv-64-TCB<br><br>**JURY TRIAL DEMANDED** |

## <u>COMPLAINT</u>

Plaintiffs Michael Kovacs and Sarah Kovacs (collectively referred to as the "Plaintiffs" or the "Kovacs") file this Complaint and respectfully show the Court as follows:

### <u>Parties</u>

1.

Plaintiff Michael Kovacs is an individual residing in Coweta County, Georgia.

2.

Plaintiff Sarah Kovacs is an individual residing in Coweta County, Georgia.

3.

Defendant ServiceLink LLC ("ServiceLink") is a Pennsylvania corporation doing business under the laws of the State of Georgia with its principal place of business in Moon Township, Pennsylvania.

4.

ServiceLink may be served with the Summons and Complaint through its registered agent for service, CT Corporation System, 1201 Peachtree Street, Atlanta, Georgia  30361.

5.

John Does (1-15) ServiceLink Scheduling Firms are unknown law firms and lawyers engaged by ServiceLink to perform scheduling and witness-only real estate closings in the State of Georgia.

**Jurisdiction and Venue**

6.

This Court has personal jurisdiction over Defendants and subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1367.

7.

Venue is proper in this Court.

**Factual Statement**

**A.**  **Only a Licensed Georgia Attorney Acting in Her Capacity as a Lawyer May Close Residential Real Estate Transactions in the State of Georgia.**

8.

A residential real estate closing in the State of Georgia involves all activities necessary to close on a residential real estate transaction including, *inter alia*, the rendering of opinions as to title, the preparation of closing documents including, but not limited to, HUD-1 Settlement Statements and deeds of conveyance, the receipt and disbursement of settlement proceeds, and the ceremonial signing of the deed and loan documents and the explanation of their legal effect, and the recording of the deeds.

9.

In 2003, the Georgia Supreme Court issued In re UPL Advisory Opinion 2003-2, 277 Ga. 472 (2003), in which the Court held that "only a licensed Georgia attorney may prepare or facilitate the execution of a deed of conveyance. . . ." Thus, "it is the unauthorized practice of law for someone other than a duly-licensed Georgia attorney to close a real estate transaction or to prepare or facilitate the execution of such deed(s) for the benefit of a seller, borrower, or lender." Id.

10.

The Georgia Supreme Court recognizes a real estate closing as the "entire series of events through which title to the land is conveyed from one party to another party. . . ."  Formal Advisory Opinion 86-5.  "[T]he lawyer must be in control of the closing process from beginning to end."  Formal Advisory Opinion 00-3.

11.

Notwithstanding Georgia's legal requirements, certain companies purporting to offer real estate transaction and related closing services have developed a practice in Georgia by which a person, whether a licensed Georgia lawyer or not, purports to serve only as a "witness" to the closing of a real estate transaction. Such "witness-only" closings involve documents not prepared by attorneys licensed in Georgia, and the witness's role is typically limited only to witnessing the documents being signed and notarizing the documents.

12.

The witness in a "witness-only" closing does not perform or oversee the following activities necessary for a residential real estate closing: searching the title; reviewing the title examination; clearing any title problems; issuing title opinions; issuing title commitments for title insurance; preparing the closing

documents including the Settlement Statement and the deeds of conveyance; describing the closing documents to borrowers and answering questions concerning their legal effect (particularly as the same relates to "non-judicial foreclosures" and the Waiver of Borrower's rights incidental thereto); recording the documents; reviewing any payoffs; receiving and disbursing funds from the attorney's IOLTA trust account; and handling any post-closing questions, issues or requests.

13.

"Witness-only" closings are illegal under Georgia law, whether the witness is a licensed Georgia lawyer or not.  UPL, 277 Ga. at 473.

14.

In holding that witness-only closings are illegal in the State of Georgia, the Georgia Supreme Court recognized that "the public interest is best protected when a licensed Georgia attorney, trained to recognize the rights at issue during a property conveyance, oversees the entire transaction."  277 Ga. at 472.

**B.** **Servicelink Performs and/or Orchestrates Witness-Only Closings in the State of Georgia**

15.

Servicelink purports to act as the "settlement agent" for thousands of residential real estate closings in the State of Georgia.

16.

Servicelink is not a lender.

17.

ServiceLink provides closing and/or settlement services related to residential real estate closings in the State of Georgia.   More specifically, Servicelink's closing-related services include:  conveying property, preparing legal instruments whereby legal rights are secured, preparing settlement statements, performing title searches, rendering opinions as to the validity or invalidity of titles to real property, receiving and disbursing settlement funds, and recording legal instruments.

18.

Upon information and belief, Servicelink does not employ an "in-house" attorney licensed in Georgia to perform its closing-related services.

19.

Upon information and belief, Servicelink receives and disburses settlement funds in connection with Georgia real estate closings without using a Georgia IOLTA account.

20.

Upon information and belief, Servicelink's practices also include engaging a law firm or other provider to schedule real estate closings in Georgia and to

arrange for a lawyer licensed in Georgia to witness the execution of closing documents and notarize such documents.

21.

Upon information and belief, Servicelink's practices also include engaging an attorney or law firm to serve as the "witness" in "witness-only" closings in Georgia.

22.

Upon information and belief, Servicelink limits the services provided by its attorney-witnesses in its closings in Georgia to:  observing the signing of documents by the buyers, notarizing such documents, and delivering the executed documents to Servicelink.

23.

Servicelink instructs its attorney-witnesses not to "answer questions regarding the conditions and terms of the loan or the legal effect of any document." (See Signing Agent Responsibilities, Code of Conduct and Agreement, attached hereto as Exhibit A.)

24.

Upon information and belief, ServiceLink is aware that its practices related to residential real estate closings violate federal and/or Georgia law.

25.

Upon information and belief, Servicelink has attempted to conceal its violations of federal and/or Georgia law by hiring lawyers licensed in Georgia to serve as witnesses in "witness-only" closings but not to perform actual legal services related to such closings.

## C.   Defendants' Actions Related to the Kovacs' Residential Real Estate Closing

26.

On April 25, 2013, the Kovacs financed a residential dwelling located at 210 Beaconsfield Drive in Sharpsburg, Georgia (the "Kovacs Transaction").

27.

Wells Fargo Bank NA ("Wells Fargo") served as the lender on the Kovacs Transaction, and its loan was secured by a deed.

28.

Servicelink acted as the "settlement agent" for the Kovacs Transaction.

29.

The Kovacs Transaction involved a federally related mortgage loan.

30.

Upon information and belief, Servicelink performed and/or orchestrated the performance of various real estate closing services related to the Kovacs

Transaction that, according to Georgia law, may only be performed or supervised by a lawyer licensed to practice in Georgia.  For example, upon information and belief, Servicelink performed or orchestrated the performance of the following services related to the Kovacs Transaction:  prepared, reviewed, and/or revised the Security Deed and related conveyancing documents; prepared, reviewed and/or revised the Settlement Statement (HUD-1); conducted a title search; prepared, reviewed, and/or revised an opinion as to the validity of the title; and received and disbursed settlement proceeds.

31.

Upon information and belief, Servicelink orchestrated the Kovacs Transaction as a "witness-only" closing.

32.

Upon information and belief, Servicelink used a John Doe Servicelink Scheduling Firm to arrange for a Georgia-licensed attorney to witness, but not provide legal services related to, the Kovacs Transaction.

33.

Upon information and belief, Georgia attorney Anitra Price served as the witness for the Kovacs Transaction.

34.

Ms. Price holds herself out as practicing in the areas of criminal law, DUI/DWI, divorce, family law and personal injury.  Upon information and belief, Ms. Price does not regularly practice in the area of real estate transactions.

35.

The Kovacs Settlement Statement HUD-1 shows that the Kovacs were charged $15,622.18 in settlement charges related to the Kovacs Transaction.  To pay for these charges, the Kovacs borrowed an additional $9,700 beyond the loan amount needed to cover the purchase price of the property.  (See Settlement Statement (HUD-1) attached hereto as Exhibit B, the "Kovacs HUD-1").)

36.

Servicelink was paid some of the money included in the $15,622.18 in settlement charges charged to the Kovacs.  For example:

- Line 1101 shows Servicelink was paid a fee of $377.50 for "Title Services and Lender's Title Insurance";

- Line 1102 shows Servicelink was paid a fee of $700 for "Settlement or Closing Fee"; and

- Line 1103 shows Servicelink was paid a fee of $1,008.75 for "Owner's Title Insurance."

Upon information and belief, at least a portion of these fees were for services that Georgia law requires be performed by an attorney licensed to practice in Georgia.

37.

Upon information and belief, Servicelink split the fees reflected on lines 1101-03 of the Kovacs HUD-1 with Ms. Price and/or a John Doe Servicelink Scheduling Firm.

38.

Upon information and belief, despite receiving a fee, John Doe Servicelink Scheduling Firm provided no actual services related to the Kovacs Transaction other than arranging for Ms. Price to serve as the witness to the ceremonial signing of the documents.

39.

Upon information and belief, in exchange for the fee she received, Ms. Price provided no legal services related to the Kovacs Transaction and instead merely observed the Kovacs sign the closing-related documents, notarized those documents, and returned the executed documents to Servicelink.

40.

Had Servicelink not received a fee related to the Kovacs Transaction for rendering services it was not authorized to provide under Georgia law, Plaintiffs

would have been able to borrow less money to purchase their residence and pay less interest over the life of the loan.

41.

Had John Doe Servicelink Scheduling Firm not received a fee related to the Kovacs Transaction, Plaintiffs would have been able to borrow less money to purchase their residence and pay less interest over the life of the loan.

42.

Had Ms. Price not received a fee related to the Kovacs Transaction, Plaintiffs would have been able to borrow less money to purchase their residence and pay less interest over the life of the loan.

43.

The Kovacs HUD-1 fails to disclose the ultimate recipients of the fees documented in lines 1101-03.  Specifically, the Kovacs HUD-1 failed to disclose that John Doe Scheduling Firm and/or Ms. Price received a portion of the fees.

## CLASS ALLEGATIONS

44.

The Kovacs bring this on their own behalf and, pursuant to Fed. R. Civ. P. 23, as a class action on behalf of a class of persons defined as:

> All persons with real estate transactions processed by Servicelink for properties located in the State of Georgia.

45.

The Kovacs and the members of the class all have tangible and legally protectable interests at stake in this action.

46.

The claims of the Kovacs and the class members have a common origin and share a common basis.  Their claims originated from the same illegal practices of Servicelink, and Servicelink acted in the same way toward the Kovacs and the members of the class.  The Kovacs and the class members suffered the same injuries in the form of paying fees that were collected and distributed in violation of federal and Georgia law, and will be asserting damage claims capable of calculation through common proofs.

47.

The exact number of class members is unknown to the Kovacs.  The members of the class are so numerous that joinder of all members is impracticable. Upon information and belief, Servicelink purported to perform settlement services for thousands of Georgia borrowers, including over 9000 transactions in a twelve-month period between 2010 and 2011.  The class is ascertainable in that the names and addresses of all class members can only be identified in business records maintained by Servicelink.

48.

Common questions of law and fact exist as to all members of the class and predominate over any questions affecting solely individual members of the class. Among the questions of law and fact common to the class include the following:

a. Whether Servicelink provided settlement services as part of its standard practice in violation of Georgia law and for which it was not entitled to take a fee?

b. Whether Servicelink violated federal law by engaging in illegal fee splitting related to the provision of settlement services in the State of Georgia?

c. Whether Servicelink violated federal law by accepting unearned fees related to the provision of settlement services in the State of Georgia?

d. Whether John Doe Scheduling Firms violated federal law by engaging in illegal fee splitting related to the provision of settlement services in the State of Georgia?

e. Whether John Does Scheduling Firms violated federal law by accepting unearned fees related to the provision of settlement services in the State of Georgia?

49.

The Kovacs are willing and prepared to serve the Court and proposed class in a representative capacity with all of the obligations and duties material thereto. The Kovacs will protect fairly and adequately the interest of the class and have no interests adverse to, or which directly and irrevocably conflict with, the interests of other members of the class.

50.

The self-interests of the Kovacs are co-extensive with and not antagonistic to those of the absent class members.  The Kovacs will undertake to protect the interests of the absent class members.  The Kovacs are aware that they cannot settle a class action without court approval and will vigorously pursue the class's claims throughout the course of this litigation.

51.

The Kovacs have engaged the services of counsel indicated below.  Counsel is experienced in complex class litigation, will adequately prosecute this action, and will assert, protect and otherwise represent well the class members.  The Kovacs can acquire adequate financial resources for the conduct of this litigation as counsel have agreed to advance costs of this litigation contingent upon its outcome.

52.

A class action is superior to other available methods for the fair and efficient adjudication of this controversy under the acts described herein.  Given the nature of these claims, the expense and burden of individual litigation make it virtually impossible for the class members individually to seek redress for the unlawful conduct alleged.  In addition, the prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class which would be likely to establish incompatible standards for Servicelink and John Doe Scheduling Firms in regard to their real estate settlement practices in the State of Georgia.  As these practices have been consistently applied to all class members, their efficient adjudication requires class action certification.

53.

Because this case raises issues pertaining to the legality of Defendants' settlement practices common to all class members, adjudication with respect to individual members of the class would likely be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

54.

The Kovacs bring this action under Fed. R. Civ. P. 23(b)(3) because of common questions of law and fact identified herein predominate over questions of law and fact affecting individual members of the class.  The predominant issues in this class are whether Defendants' have violated the law by virtue of its real estate settlement practices common to all class members.  Fed. R. Civ. P. 23(b)(3) is appropriate because:

a.  By virtue of the Defendants' failure to disclose the fact that they were conducting real estate settlements in violation of State and Federal law and, in fact, implicitly representing to homeowners that they were complying with all applicable laws, individual class members may not be aware that they have been wronged and are thus unable to prosecute individual claims or take appropriate steps to seek redress;

b.  Concentration of the litigation concerning this matter in this Court is desirable;

c.  The claims of the Kovacs are typical of the claims of the members of the purported class;

d.  A failure of justice will result from the absence of a class action; and

e.  The difficulties likely to be encountered in the management of this class action are not great.

## <u>COUNT I:</u>
## <u>Violation of Section 8(b) of RESPA Against Defendants</u>

55.

Plaintiff incorporates by reference and realleges paragraphs 1-54 stated above.

56.

Servicelink provided real estate closing services related to the Kovacs Transaction in violation of Georgia law.

57.

John Doe Scheduling Firm provided no or only nominal services related to the Kovacs Transaction.

58.

The Kovacs paid and/or incurred additional debt to pay fees to Defendants in relation to the Kovacs Transaction.

59.

Defendants improperly split these fees among themselves and/or with Ms. Price in violation of Section 8(b) of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2607(b).

60.

As to each participant in this illegal fee-split, the fee was unearned.

61.

Since the conduct of a closing or settlement in Georgia by anyone other than a Georgia attorney is illegal under Georgia law, Servicelink was not entitled to a fee for rendering such illegal services.

62.

Servicelink further violated RESPA by hiring and/or orchestrating the hiring of, and sharing a fee with, a John Doe Scheduling Firm and/or Ms. Price.

63.

John Doe Scheduling Firms provided no actual services related to the Kovacs Transactions, and their portions of the settlement fees are unearned.

64.

The only services Ms. Price performed in relation to the Kovacs Transaction related to serving as a witness and notary.  Since "witness-only" closings are illegal under Georgia law, Ms. Price was not entitled to a fee for rendering such services.  Therefore, her portion of the settlement fees was unearned.

65.

The Defendants' actions related to splitting fees for services not performed and/or not lawfully performed is their common practice and procedure as it relates

to residential real estate closings in the State of Georgia affecting all class members.

66.

As the result of Defendants' illegal fee-split, the Kovacs suffered damages by paying for and/or incurring additional debt to pay for services for which a fee was improper.

67.

The Kovacs and similarly situated class members are entitled to damages from Defendants, which damages include (a) treble the amount of the fees they paid or otherwise incurred for the Defendants' unlawful services, (b) reasonable attorney's fees, and (c) other costs of this action. 12 U.S.C. § 2607(d).

### COUNT II:
### Violation of Georgia Good Funds Statute—
### O.C.G.A. § 44-14-13(c) Against Servicelink

68.

Plaintiff incorporates by reference and realleges paragraphs 1-54stated above.

69.

Servicelink was responsible for conducting the Kovacs Transaction and disbursing the settlement proceeds from such transaction.

70.

Servicelink acted as the settlement agent for the Kovacs Transaction.

71.

Servicelink, however, does not qualify as a "settlement agent" under Georgia law, as O.C.G.A. § 44-14-14(a)(10) defines "settlement agent" as only a lender or an active member of the State Bar of Georgia.

72.

Servicelink is not an active member of the State Bar of Georgia.

73.

Servicelink is not regularly engaged in making loans secured by mortgages or deeds to secure debt on real estate.

74.

Nevertheless, Servicelink conducted the Kovacs Transaction by performing various real estate closing activities, including performing a title search,  issuing title opinions; issuing title insurance policies, preparing the Kovacs HUD-1, preparing deeds of conveyance and receiving and disbursing settlement funds.

75.

Because Servicelink is not recognized as a settlement agent under the Georgia Good Funds Statute, O.C.G.A. § 44-14-13, Servicelink violated that statute in conducting the Kovacs Transaction.

76.

The Kovacs and similarly situated class members have suffered a loss due to Servicelink's violation of O.C.G.A. § 44-14-13.

77.

The Kovacs and similarly situated class members are entitled to damages from Servicelink, which damages include (a) actual damages, (b) reasonable attorney's fees, and (c) $1,000 per violation or double the amount of interest payable on each loan for the first 60 days after the loan closing, whichever is greater. O.C.G.A. § 44-14-13(e).

## COUNT III:
## Unjust Enrichment Against All Defendants

78.

Plaintiff incorporates by reference and realleges paragraphs 1-54 stated above.

79.

Servicelink unlawfully provided closing or settlement services related to the Kovacs Transaction and other residential real estate closings in the State of Georgia.

80.

Servicelink received a benefit in the form of fees for its unlawful services related to the Kovacs Transaction and other residential real estate closings in the State of Georgia despite not being entitled to such fees.

81.

Servicelink split the unlawful fees it received for residential real estate closings in the State of Georgia with John Doe Servicelink Scheduling Firms, who received such a benefit despite also not being entitled to receive a fee for any services in conjunction with such closings, including the Kovacs Transaction.

82.

Servicelink split the unlawful fees it received in conjunction with the Kovacs Transaction with Ms. Price, who received such a benefit despite also not being entitled to receive a fee on the Kovacs Transaction.

83.

Defendants' practices violate both Federal and Georgia state law.

84.

Defendants have not compensated the Kovacs or the class members for the benefit they improperly received and retained.

85.

It would be unjust for Defendants to retain the unearned and unlawful fees paid by the Kovacs and the class members without paying compensation.

86.

The Kovacs and the class members are entitled to just compensation in an amount to be proved at trial.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1) Issue a verdict in favor of Plaintiffs and all class members on all counts;

2) Enter judgment against all Defendants for violating Section 8(b) of RESPA and award  Plaintiffs actual, compensatory and treble damages and attorneys' fees and costs;

3) Enter judgment against Servicelink for violating O.C.G.A. § 44-14-13, the Georgia Good Funds statute, and award Plaintiffs actual, compensatory, and statutory damages and reasonable attorney's fees, as authorized by applicable law;

4)   Enjoin Defendants from conducting settlements or receiving and disbursing

settlement proceeds related to residential real estate closings in violation of

O.C.G.A. § 44-14-13;

5)   Enter judgment against all Defendants for unjust enrichment, and award

Plaintiffs actual, compensatory, and punitive/exemplary damages as

authorized by applicable law;

6)   Order such other relief as the Court may deem just and proper.


Respectfully submitted this 24th Day of April, 2014.


/s Stephanie A. Everett
Simon H. Bloom
Georgia Bar No. 064298
Stephanie A. Everett
Georgia Bar No. 253075
Ryan T. Pumpian
Georgia Bar No. 589822

BLOOM SUGARMAN EVERETT,
LLP
977 Ponce de Leon Avenue
Atlanta, GA  30306
Tel:   (404) 577-7710
Fax:   (404) 577-7715

Attorneys for Plaintiffs Michael
Kovacs and Sarah Kovacs

R. Clay Milling
Georgia Bar No. 509215
HENRY SPIEGEL MILLING LLP

950 East Paces Ferry Road – Suite 2450
Atlanta, GA  30326
Tel:    (404) 832-8000
Fax:    (404) 832-8050

Stephen J. Herman
Louisiana Bar No. 23129
Herman Herman & Katz, LLC
820 O'Keefe Avenue
New Orleans, LA 70113
Tel:    (504) 581-4892
Fax:    (504) 561-6024

Frederick S. Longer
Pennsylvania Bar No. 46653
LEVIN, FISHBEIN, SEDRAN & BERMAN
510 Walnut Street – Suite 500
Philadelphia, PA 19106
Tel:    (215) 592-1500
Fax:    (215) 592-4663

Sidney Schupak
Maryland Bar No. MD Bar #14742
Washington, DC Bar No. DC Bar# 436616
Ashcraft & Gerel, LLP
4900 Seminary Rd., Suite 650
Alexandria, VA  22311
Tel:    (703) 931-5500
Fax:    (703) 820-0630

Co-Counsel for Plaintiffs
  Michael Kovacs and Sarah Kovacs

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 5.IB</u>

Pursuant to Local Rule 7.1(D), N.D. Ga., I hereby certify that the foregoing pleading has been prepared using one of the font and point selections approved by the Court in Local Rule 5.1B, N.D. Ga.  This document was prepared using Times New Roman 14 pt. font.

Respectfully submitted,

/s/ Stephanie A. Everett
Simon H. Bloom
Georgia Bar No. 064298
Stephanie A. Everett
Georgia Bar No. 253075
Ryan T. Pumpian
Georgia Bar No. 589822

BLOOM SUGARMAN EVERETT, LLP
977 Ponce de Leon Avenue, NE
Atlanta, Georgia  30306-4265
Telephone:  404-577-7710
Facsimile:  404-577-7715

Attorneys for Plaintiff
 Michael Kovacs and Sarah Kovacs